Burke, J.
 

 The Special Fund for Reopened Cases takes issue with the method followed by the Appellate Division in determining the disability rate appropriate to the claim for compensation filed by the respondent, and the manner in which the adopted rate was applied against a lump sum settlement of the claim, on the ground that the procedure used is in conflict with the provisions of subdivision 7 of section 25-a of the Workmen’s Compensation Law.
 

 Insofar as it is pertinent on this appeal, subdivision 7 of section 25-a reads as follows:
 
 “
 
 where the case is disposed of by the payment of a lump sum, the date of last payment for the purpose of this section shall be considered as the date to which the amount paid in the lump sum settlement would extend if the award had been made on the date the lump sum payment was approved at the maximum compensation rate which is warranted by the employee’s earning capacity as determined by the board under section fifteen of this chapter.”
 

 The case is the sequel of an accident which occurred in 1940. The claimant, a farmer who was the owner and operator of a 60-acre farm, fell from a snowplow. He was employed only during the winter months.
 

 The claimant’s average weekly wage as the extra man on a snowplow before the accident was $13.85. The case was closed out on April 27, 1942 with a lump sum award as a settlement in the amount of $3,000. At the same time an award of compensation was made to the claimant at the weekly rate of $9.23 for disability from the date of the accident to the date of the hearing. A medical finding was made at that time that the claimant, a part-time worker, was only partially disabled.
 

 
 *124
 
 Pursuant to claimant’s application of May 4, 1954, requesting a reopening of his claim for further consideration, the board again restored the case to the calendar and held that at an $8 rate for partial disability the lump sum settlement would not be exhausted for 375 weeks, or late in 1954. Hence the Special Fund for Reopened Cases was discharged from responsibility.
 

 The carrier contends and the court below has held that the Special Fund is liable because the rate applied in computing the extension of the lump sum should have been the established $9.23 disability rate, rather than the $8 disability rate used by the board, and that a lump sum settlement cannot be extended indefinitely by excluding weeks during which the claimant worked at pre-injury wages.
 

 We have decided that the Workmen’s Compensation Board’s determination discharging the Special Fund for Reopened Cases from liability was proper.
 

 The statute requires the board to spread the lump sum settlement
 
 at the rate applicable to the disability found
 
 at the time of the approval of the lump sum settlement by the Referee. (See
 
 Matter of Courteau
 
 v.
 
 Buffalo Flour Mills,
 
 1 A D 2d 714.) In short, it is the status of the disability, not the amount of the award that controls.
 

 In this case the claimant was only entitled to the rate applicable to the type of disability found without regard to the rate which might have been awarded. The statute in terms refers to ‘ ‘ the maximum compensation rate which is warranted by the employee’s earning capacity as determined by the board”. It is beyond dispute that an award of $9.23 a week on a weekly salary of $13.85 is at the rate established by the statute for a claimant who was totally disabled. Where a partial disability was found the rate could only be reduced to the minimum amount then permitted by law, i.e. $8 a week. Therefore, since the claimant was found to be a part-time partially disabled employee, the award of $9.23, i.e., the rate for total disability, was not warranted by the employee’s earning capacity as found by the board.
 

 Since the carrier has conceded that if the $8 rate was properly established the Special Fund should be discharged from liability, it is not necessary to turn to the controversy concerning the legality of excluding the weeks during which the claimant
 
 *125
 
 worked at pre-injury wages in projecting the spread of the lump sum settlement at the weekly disability rate.
 

 As the rate established by the board was in accord with the formula defined by the statute governing the extension of lump sum settlements, the order of the Appellate Division should be reversed and the award of the Workmen’s Compensation Board reinstated, with costs.
 

 Chief Judge Conway and Judges Desmond, Fuld and Van Voorhis concur with Judge Burke ; Judges Dye and Froessel dissent and vote to affirm.
 

 Order reversed and award of the Workmen’s Compensation Board reinstated, with costs in this court and in the Appellate Division to the Special Fund for Reopened Cases against respondents employer and carrier.